

Villanova University School of Law Digital Repository

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-19-2007

# Chen v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5008

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Chen v. Atty Gen USA" (2007). *2007 Decisions.* Paper 1252.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1252

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-5008

QIU LONG CHEN,

Petitioner

v.

ATTORNEY GENERAL OF
THE UNITED STATES,

Respondent

On Petition for Review of an Order of
The Board of Immigration Appeals
Immigration Judge: Honorable William Strasser
(No. A77-281-480)

Submitted Under Third Circuit LAR 34.1(a)
March 9, 2007

Before: SLOVITER and AMBRO, Circuit Judges
POLLAK,[*] District Judge

(Opinion filed: April 19, 2007)

---

[*]Honorable Louis H. Pollak, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

OPINION

AMBRO, Circuit Judge

Qiu Long Chen petitions for review of an order issued by the Board of Immigration Appeals ("BIA") affirming the denial of his applications for asylum, withholding of removal, and protection under the United Nations Convention Against Torture and Other Forms of Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT"). We have jurisdiction to consider this petition for review under Section 242(b) of the Immigration and Nationality Act ("INA"), codified at 8 U.S.C. § 1252(b). For the reasons set forth below, we deny the petition.

I.

We highlight only those facts that are pertinent to our analysis. Chen is a native and citizen of China who was paroled into the United States in 1999 and placed in removal proceedings. He conceded the charge of removal and applied for asylum, withholding of removal, and protection under the CAT, claiming that he feared persecution on account of China's coercive "one-child" family planning policy. According to his application, Chen was married in China in 1995, and he and his wife welcomed a child in 1996. After their child's birth, Chinese family planning authorities forced Chen's wife to undergo an IUD insertion and refused the couple's request for permission to have a second child. Despite this refusal, Chen arranged for his wife to

2

have her IUD removed, and she subsequently became pregnant.  The authorities allegedly

came to Chen's home in 1999 to investigate whether his wife was pregnant and, if so,

forcibly to cause an abortion and sterilize her.  Chen claims that an altercation ensued,

that his wife fled, and that he escaped to a relative's home in another city and

subsequently made arrangements to come to the United States.  After he left China, Chen

claims that his wife was apprehended, forced to undergo an abortion, and sterilized.

In support of his allegations, Chen submitted documentation to verify his wife's

sterilization, which included an X-ray and a sterilization certificate.  However, the

documents were pronounced fraudulent upon review by the consular office.  Chen argued

to the Immigration Judge ("IJ") that he was unaware that the documents, sent to him by

his wife, were fake, and the IJ gave him the opportunity to obtain authentic documents

establishing his wife's abortion and sterilization.  Chen proceeded to submit another X-

ray, but he provided no evidence that it actually was of his wife.  The IJ held that, because

Chen had already submitted fraudulent documents, any additional evidence would need to

be "clear and convincing," and that an unidentified X-ray did not rise to this level.  The IJ

concluded that Chen's lack of credibility and absence of other evidence defeated his

asylum, withholding of removal, and CAT claims.  *See* 8 U.S.C. § 1158(b) (governing

asylum claims); 8 U.S.C. § 1231(b)(3)(A) (governing withholding of removal claims); 8

C.F.R. §§ 208.16, 208.18 (governing CAT claims).

Chen appealed the IJ's decision.  The BIA affirmed, and dismissed Chen's appeal.

In doing so, the BIA agreed with the IJ that Chen's presentation of fraudulent documents

diminishes the reliability of his other evidence, and concluded that substantial evidence supported the IJ's adverse credibility finding. Chen timely seeks our review.

## II.

Where the BIA "adopts the findings of the IJ and discusses some of the bases for the IJ's decision, we have authority to review the decisions of both the IJ and the BIA." *Chen v. Ashcroft*, 376 F.3d 215, 222 (3d Cir. 2004). Where, as here, the IJ concludes that the petitioner is not credible, we review this determination "for substantial evidence." *Id.* Under this standard, "we must uphold an adverse credibility determination . . . unless 'any reasonable adjudicator would be compelled to conclude to the contrary.'" *Id.* (quoting 8 U.S.C. § 1252(b)(4)(B)).

Adverse credibility determinations must be "appropriately based on inconsistent statements, contradictory evidenc[e], and inherently improbable testimony," and must be upheld "unless . . . no reasonable person would have found the applicant incredible." *Chen*, 376 F.3d at 222–23 (internal quotation marks and citations omitted). Here, Chen admittedly submitted fraudulent X-ray and sterilization certificates in support of his claims. He also failed to authenticate or otherwise corroborate the second X-ray that the IJ allowed him to submit. As such, it is certainly possible that a reasonable factfinder would find Chen's petition incredible.

Chen argues that the IJ improperly raised his burden of proof to a "clear and convincing" standard following his discovery that Chen had initially provided fraudulent documents. We disagree. However inartful, we conclude that the IJ's use of the phrase

4

"clear and convincing" was not meant to invoke a legal standard, but rather was intended to indicate that Chen had the burden of persuading the factfinder that his evidence was credible. In addition, Chen cites *Abdulai v. Ashcroft*, 239 F.3d 542, 551 n.3 (3d Cir. 2001), for the proposition that a failure of proof is not an appropriate ground for an adverse credibility determination. However, *Abdulai* does not apply here, as it governs situations where corroboration may be required for otherwise-credible testimony. Here, Chen's evidence was not presumptively credible, as he previously presented admittedly fraudulent documents.

We hold that substantial evidence supports the IJ's conclusion that Chen's testimony was not credible, and therefore that he could not establish a well-founded fear of future persecution or torture.

\* \* \* \* \*

Accordingly, we deny Chen's petition for review.